| |
|---|
| **Ortiz v Family Baptist Church** |
| 2025 NY Slip Op 30402(U) |
| January 29, 2025 |
| Civil Court of the City of New York, Bronx County |
| Docket Number: Index No. TS-300045-22/BX |
| Judge: Taisha I. Chambers |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX:PART 21M**
-----------------------------------------------------------------------X

EDWIN ORTIZ

                                Plaintiff(s),

           -against-

FAMILY BAPTIST CHURCH

                              Defendant(s).

-----------------------------------------------------------------X

Index No.: TS-300045-22/BX
**DECISION/ ORDER**
Present: Hon. Taisha L. Chambers
Judge, Civil Court

MOT. SEQ. NO. 1

The following papers were read on Defendant's MOTION IN LIMINE TO PRECLUDE,
Defendant's Notice of Motion, and Affirmation…………………………………………………….......1
Plaintiff's Affirmation in Opposition……….…………………………………………………….....2

---

    This action arose from plaintiff's collision with an externally protruding air conditioner on defendant's property which occurred on September 4, 2014. Now, defendant moves pursuant to 22 NYCRR § 202.17 seeking an order precluding certain medical claims and documents, and furthermore dismissing plaintiff's complaint. Additionally, defendant seeks an order granting its counterclaims. Plaintiff opposes the motion.

    Following this matter's appearance on the court's calendar for return of the instant motion on January 17, 2025, the motion was marked fully submitted and the matter was adjourned to January 24, 2025, for a final pre-trial conference. A review of the electronic NYSCEF record reveals that on the evening of January 17, 2025, following submission of the motion to preclude, plaintiff's counsel filed a disclosure pursuant to CPLR 3101(d). Thereafter, defendant's counsel filed an amended notice of motion on January 20, 2025, seeking supplemental relief on the basis of plaintiff's counsel's filing. Plaintiff's counsel filed opposition to the amended motion and defendant's counsel filed a reply. Thereafter, plaintiff's counsel on January 23, 2025, pursuant to CPLR 3122 (a), filed notice of their intention to introduce certain medical records at trial. The Court will address all supplemental filings together with the instant motion.

    Defendant contends that plaintiff previously failed to provide an expert narrative report and other evidence, and as such, should be precluded from offering any medical testimony as to the allegations in the claim. Specifically, defendant argues that plaintiff failed to provide photos of the accident scene that were demanded in discovery; photos defendant testified, at his deposition, to taking of his own injuries; and medical exchanges mandated by 22 NYCRR § 202.17, including reports of physicians that have treated plaintiff in connection with the injuries for which discovery was sought. Furthermore, insofar as defendant contends plaintiff should be precluded from offering medical testimony, it also argues that, as such, the complaint should be dismissed. Defendant additionally argues that the instant action is completely without merit and cannot be supported by reasonable argument and therefore its counterclaim should be granted. Following plaintiff's counsel post-submission filings, defendant now also argues that plaintiff has failed to comply with CPLR 3126 and 3101(d), and plaintiff's filings should be precluded. Defendant contends that the expert report was filed by plaintiff after five and a half years and only eighteen days before trial, and therefore plaintiff's withholding was willful and contumacious and furthermore, late. Moreover, defendant also argues that the report is deficient and defective.

Page **1** of 4

[* 1]

Plaintiff opposes the motion arguing that defendant's motion is merely a regurgitation of its prior motion for summary judgment that was denied. Furthermore, plaintiff argues that disclosure is governed by 3101(d) which does not mandate a relevant deadline. Additionally, plaintiff's counsel disputes that the instant claim is frivolous. Furthermore, in opposition to defendant's amended notice of motion, plaintiff's counsel argues that its expert disclosure was timely pursuant to CPLR 3101. Plaintiff's counsel asserts that the Court advised that the report would be deemed timely if exchanged before January 24, 2025, where, plaintiff asserts, a conference would be held to select a date for trial. Plaintiff further posits that its disclosure is in compliance with the "90-day rule" pursuant to CPLR 3101 and CPLR 3101(d)(1) which provides that introduction of an expert retained too close to trial start date to provide appropriate notice, may be allowed where good cause is shown.

In reply, defendant argues that plaintiff's counsel erroneously misrepresents the posture of the instant action following the January 24, 2025 conference. Defendant's counsel asserts that at no time did the Court indicate that plaintiff would be permitted to exchange a report by January 24, 2025 and rather that the parties were to consider settlement in the interim while the original motion was considered. Defendant's counsel furthermore asserts that plaintiff's counsel's notion that the January 24, 2025 conference would be held in order to set a trial date was also erroneous insofar as the matter was set down for trial to begin on February 4, 2025 pursuant to the court's prior order. Moreover, defendant's counsel reiterates his request for the relief sought in the motion.

The Court will first address the dispute regarding the January 17, 2025 conference, the January 24, 2025 conference and the date for trial.

The Court credits defendant's counsel's recounting of events. Following an off the record conference held on January 17, 2025, defendant's original motion was marked submitted and the matter was adjourned to January 24, 2025 for the parties to consider settlement while the motion was pending (see NYSCEF Doc. No. 64, *Order*). The Court was given zero indication by plaintiff's appearing counsel that he was considering any additional filings, nor did it grant plaintiff's counsel permission for same. Furthermore, the assertion that the conference on January 24, 2025 was scheduled for the purpose of setting the matter down for trial is plainly erroneous insofar as the matter was scheduled for trial to begin on February 4, 2025 pursuant to the Court's prior order dated December 3, 2024 (NYSCEF Doc. No. 62, *Order - Amended*). Thus, plaintiff's assertions regarding the recent procedural history of the instant action are without merit in totality.

Turning to the issues of preclusion and plaintiff's counsel's filings.

"Preclusion of expert evidence on the ground of failure to give timely disclosure, as called for in CPLR 3101(d)(1)(i), is generally unwarranted without a showing that the noncompliance was willful or prejudicial to the party seeking preclusion" (*Martin v Triborough Bridge & Tunnel Auth.*, 73 AD3d 481, 482 [1st Dept 2010], *lv denied* 15 NY3d 713 [2010] ).

"Prejudice can be shown where the expert is testifying as to new theories, or where the opposing side has no time to prepare a rebuttal" (*Haynes v City of New York*, 145 AD3d 603, 606 [1st Dept 2016]; *see Krimkevitch v Imperiale*, 104 AD3d 649 [2d Dept 2013] ).

Here, the court finds that plaintiffs expert disclosure (NYSCEF Doc. No. 65, *Trial Documents*) is untimely. Plaintiff's counsel's argument that their disclosure under the instant circumstances may be allowed where good cause is shown is unavailing insofar as counsel fails to offer any good cause. Plaintiff's counsel merely relies upon an erroneous recollection of an off the record conference to justify its filing. Furthermore, the court finds that the expert testimony plaintiff intends to introduce at trial is prejudicial to defendant insofar as it was exchanged on the eve of trial, specifically eleven days prior, and defendant has no time to prepare a rebuttal. Moreover, the court is inclined to find that plaintiff's failure to timely disclose its intention to rely on its expert was willful insofar as the expert's report filed by counsel is dated November 20, 2023, and plaintiff's counsel fails to address why same was not exchanged at any time prior or mentioned by counsel at any of the prior conferences. Furthermore, pursuant to 3101(h) plaintiff's late disclosure violates their duty to promptly amend or supplement their responses to defendant's discovery demand.

Therefore, pursuant to CPLR 3126(3), which provides that "[i]f any party…willfully fails to disclose information which the court finds ought to have been disclosed… the court may make such orders with regard to the failure or refusal as are just, among them… an order prohibiting the disobedient party…from using certain witnesses," here, the court finds that preclusion of plaintiff's expert's testimony is warranted.

Notwithstanding, a review of the record reveals that plaintiff previously exchanged photos of the accident scene (NYSCEF Doc. No. 42, *Exhibit(s) F*), and photos of plaintiff's alleged injuries (NYSCEF Doc. No. 43, *Exhibit(s) G*). As such, insofar as defendant seeks to preclude photos of the accident scene and of plaintiff's alleged injuries, that branch of the motion is granted only to the extent that defendant is precluded from introducing any such photos not contained in the previous disclosure.

Pursuant to CPLR 3122-a(c), "[a] party intending to offer at a trial or hearing business records authenticated by certification subscribed pursuant to this rule shall, at least thirty days before the trial or hearing, give notice of such intent and specify the place where such records may be inspected at reasonable times. No later than ten days before the trial or hearing, a party upon whom such notice is served may object to the offer of business records by certification stating the grounds for the objection."

As such, plaintiff's filing dated January 23, 2025 (NYSCEF Doc. No. 70, *Trial Documents*), wherein plaintiff's counsel expresses their intent to introduce the medical records and reports named therein, is untimely. Therefore, the records and reports plaintiff's counsel seeks to introduce, namely medical records from Bronx Lebanon Hospital, and any other medical records or reports not previously exchanged, are also precluded.

To be clear, at trial, with regard to plaintiff's claimed medical damages, plaintiff may only rely on the documents, materials, and witnesses that were exchanged in response to defendant's discovery demand dated August 6, 2017 (NYSCEF Doc. No. 6, *Demand*). However, plaintiff may testify regarding his recollection of his injuries and his understanding of any medical treatment he underwent.

[* 3]

All other claims and arguments have been considered and need not be addressed given the findings above. Accordingly, it is hereby

**ORDERED** that, defendant's motion is granted to the extent that the testimony of plaintiff's expert and the medical records from Bronx Lebanon Hospital are precluded; and it is further

**ORDERED** that, with regard to plaintiff's claimed medical damages, plaintiff may only rely on the documents, materials, and witnesses that were exchanged in response to defendant's discovery demand dated August 6, 2017, and plaintiff testify regarding his recollection of his injuries and his understanding of any medical treatment he underwent; and it is further

**ORDERED** that, this court's prior order setting the matter down for trial to begin on February 4, 2025 shall remain.

This constitutes the decision and order of the Court.


**January 29, 2025**
_____                    _____
                                               **HON. TAISHA L. CHAMBERS, A.J.S.C.**